# EXHIBIT 56

Exhibit _56_, Page _269_.



Police
Department

December 1, 2009

Jose Nazario

RE:  Application for Employment

Dear Mr. Nazario:

I regret to inform you that we have terminated your background investigation and that you are no longer being considered for the position of Police Officer with the City of Riverside Police Department. As previously discussed with you, the Department will not release any additional information regarding your background investigation.

Thank you for your interest in the Riverside Police Department and good luck in all your future efforts.

Sincerely,

Russ Leach
Chief of Police

Michael J. Blakely, Captain
Support Services Division

RL/MJB

Exhibit 56 , Page 270

1  Richard D. Roth, Esq. (State Bar No. 94479)
   **ROTH CARNEY KNUDSEN, LLP**
2  3850 Vine Street, Suite 240
   Riverside, California 92507
3  (951) 682-6500/Telephone
   (951) 682-6591/Facsimile
4  rroth@rothcarney.com

5  Timothy T. Coates (State Bar No. 110364)
   Cynthia E. Tobisman (State Bar No. 197983)
6  **GREINES, MARTIN, STEIN & RICHLAND**
   **LLP**
7  5900 Wilshire Boulevard, 12th Floor
   Los Angeles California 90036-3626
8  (310) 859-7811/Telephone
   (310) 276-5261/Facsimile
9  tcoates@gmsr.com
   ctobisman@gmsr.com

10
   James E. Brown, Esq. (State Bar No. 162579)
11 Supervising Deputy City Attorney
   **CITY OF RIVERSIDE**
12 3900 Main Street
   Riverside, California 92522
13 (951) 826-5691/Telephone
   (951) 826-5540/Facsimile
14 jbrown@riversideca.gov

15
   Attorneys for Defendants CITY OF RIVERSIDE
16

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19

20 JOSE LUIS NAZARIO, Jr., an              CASE NO.  CV 10-01731 JFW
   Individual,                            (DTBx)
21
                   Plaintiff,             **DEFENDANT'S RESPONSE TO**
22                                        **PLAINTIFF'S REQUEST FOR**
   vs.                                    **ADMISSIONS - SET NO. 1**
23
   CITY OF RIVERSIDE; and DOES 1-10,      **Honorable John F. Walter**
24                                        **U.S. District Court Judge**
                   Defendants.
25

26 PROPOUNDING PARTY:      Plaintiff JOSE LUIS NAZARIO, JR.

27 RESPONDING PARTY:       Defendant CITY OF RIVERSIDE

28 SET NO.:           ONE (1)

Exhibit 56 , Page 271

-1-

(SPACE BELOW FOR
FILING STAMP ONLY)

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

1  **REQUEST FOR ADMISSION NO. 65:**

2      Admit that the documents Bates stamped City 0013975-City 0013987,

3  attached as Exhibit 44, are genuine.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

5      Admit.

6  **REQUEST FOR ADMISSION NO. 66:**

7      Admit that the documents Bates stamped City 0014025-City 0014026,

8  attached as Exhibit 45, are genuine.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

10      Admit.

11  **REQUEST FOR ADMISSION NO. 67:**

12      Admit that the document Bates stamped City 0014830, attached as Exhibit

13  46, is genuine.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

15      Admit.

16  **REQUEST FOR ADMISSION NO. 68:**

17      Admit that the document Bates stamped City 0014829, attached as Exhibit

18  47, is genuine.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

20      Admit.

21  **REQUEST FOR ADMISSION NO. 69:**

22      Admit that the document Bates stamped City 0013453, attached as Exhibit

23  48, is genuine.

24  ///

25  ///

26  ///

27  ///

28  ///

Exhibit 56, Page 272

-17-

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Admit.

DATED: August 23, 2010

ROTH CARNEY KNUDSEN, LLP

By: _____
Richard D. Roth
Attorneys for Defendant
CITY OF RIVERSIDE

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

Exhibit 56, Page 273.

-18-

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

## VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE contents. The statement following the box checked is applicable.

[ ]     I am a party to this action.  The matters stated in the document described above are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

[X]     I am ☒ an officer [ ] a partner [ ] the Risk Manager for the City of Riverside, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  I am informed and believe and on that ground allege that the matters stated in the document described above are true.

[ ]     I am the attorney, or one of the attorneys for _____, a party to this action.  Such party is absent from the county where I or such attorneys have their offices and is unable to verify the document described above.  For that reason, I am making this verification for and on behalf of that party.  I am informed and believe and on that ground allege that the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 3rd day of September, 2010, at Riverside, California.

M. _____

-20-

EXHIBIT 57

Exhibit 57, Page 275.

1 | Richard D. Roth, Esq. (State Bar No. 94479)

(SPACE BELOW FOR FILING STAMP ONLY)

1 Richard D. Roth, Esq. (State Bar No. 94479)
**ROTH CARNEY KNUDSEN, LLP**
2 3850 Vine Street, Suite 240
Riverside, California 92507
3 (951) 682-6500/Telephone
(951) 682-6591/Facsimile
4 rroth@rothcarney.com

5 Timothy T. Coates (State Bar No. 110364)
Cynthia E. Tobisman (State Bar No. 197983)
6 **GREINES, MARTIN, STEIN & RICHLAND LLP**
7 5900 Wilshire Boulevard, 12th Floor
Los Angeles California 90036-3626
8 (310) 859-7811/Telephone
(310) 276-5261/Facsimile
9 tcoates@gmsr.com
ctobisman@gmsr.com

10

11 James E. Brown, Esq. (State Bar No. 162579)
Supervising Deputy City Attorney
**CITY OF RIVERSIDE**
12 3900 Main Street
Riverside, California 92522
13 (951) 826-5691/Telephone
(951) 826-5540/Facsimile
14 jbrown@riversideca.gov

15

16 Attorneys for Defendants CITY OF RIVERSIDE

17

18 UNITED STATES DISTRICT COURT

19 CENTRAL DISTRICT OF CALIFORNIA

20 | JOSE LUIS NAZARIO, Jr., an Individual, | CASE NO.  CV 10-01731 JFW (DTBx)
21 | |
22 | Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS – SET NO. 1**
23 | vs. |
24 | CITY OF RIVERSIDE; and DOES 1-10, | **Honorable John F. Walter**
**U.S. District Court Judge**
25 | Defendants. |

26 PROPOUNDING PARTY:     Plaintiff JOSE LUIS NAZARIO, JR.

27 RESPONDING PARTY:     Defendant CITY OF RIVERSIDE

28 SET NO.:          ONE (1)

Exhibit 57, Page 276

-1-

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

1  and/or his counsel than to Defendant. Defendant objects generally to each

2  Admission to the extent it seeks information not within the possession, custody or

3  control of Defendant. Defendant objects generally to each Admission to the extent

4  it is vague, ambiguous, and unintelligible, and requires Defendant to speculate as

5  to NAZARIO's intended meaning. Defendant objects generally to the Admissions

6  to the extent that the Admissions contained therein are overly broad, unduly

7  burdensome, and oppressive. Defendant objects generally to the Admissions to

8  the extent that the Admissions contained therein seek confidential, proprietary,

9  and/or trade secret information of Defendant and/or confidential information of

10 third parties. No such information or documents will be produced without an

11 appropriate protective order. Nothing herein shall be construed as an admission or

12 waiver by Defendant of its: (i) rights respecting admissibility, competency,

13 relevance, privilege, materiality and authenticity of the information provided in the

14 Responses, documents identified in the Responses or the subject matter thereof;

15 (ii) objections due to vagueness, ambiguity or undue burden; and (iii) rights to

16 object to the use of information provided in the Responses, documents identified

17 in the Responses, or the subject matter contained therein, during a subsequent

18 proceeding, including the trial of this or any other action.

19 **III. RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS**

20 **REQUEST FOR ADMISSION NO.1:**

21     Admit that PLAINTIFF was honorably discharged from the United States

22 Marine Corps.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

24     Admit.

25 **REQUEST FOR ADMISSION NO.2:**

26     Admit that at all times during PLAINTIFF'S employment with

27 DEFENDANT, his services met the standard for the position of police officer.

28 ///

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

Exhibit 57, Page 277.

-3-

ROTH CARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO.3:**

Admit that DEFENDANT arrested PLAINTIFF on August 7, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO.4:**

Admit that DEFENDANT TERMINATED PLAINTIFF'S employment on August 7, 2007, after his arrest.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit Plaintiff was terminated at or about the time of his arrest.

**REQUEST FOR ADMISSION NO.5:**

Admit that at the time of PLAINTIFF'S TERMINATION from employment with DEFENDANT on August 7, 2007, DEFENDANT was aware that the basis for PLAINTIFF'S arrest was some alleged misconduct during his military service with the United States Marine Corps in Iraq.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.

**REQUEST FOR ADMISSION NO.6:**

Admit that DEFENDANT TERMINATED PLAINTIFF'S employment because he was arrested on August 7, 2007, for some alleged misconduct during his military service with the United States Marine Corps in Iraq.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit Plaintiff was terminated because of his arrest and impending criminal prosecution.

**REQUEST FOR ADMISSION NO.7:**

Admit that PLAINTIFF'S alleged misconduct while serving in the military with the United States Marine Corps in Iraq was one of the factors DEFENDANT

Exhibit 57, Page 278

-4-

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Admit.

DATED: August 23, 2010

ROTH CARNEY KNUDSEN, LLP

By:

Richard D. Roth
Attorneys for Defendant
CITY OF RIVERSIDE

ROTH CARNEY KNUDSEN LLP
3890 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

Exhibit 57, Page 279.

-18-

## VERIFICATION

1. I, the undersigned, certify and declare that I have read the foregoing RESPONSE TO REQUEST FOR ADMISSIONS, SET ONE contents. The statement following the box checked is applicable.

[ ]  I am a party to this action. The matters stated in the document described above are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

[X]  I am ☒ an officer [ ] a partner [ ] the Risk Manager for the City of Riverside, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the document described above are true.

[ ]  I am the attorney, or one of the attorneys for _____, a party to this action. Such party is absent from the county where I or such attorneys have their offices and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of that party. I am informed and believe and on that ground allege that the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 3 on day of September, 2010, at Riverside, California.



ROTH GARNEY KNUDSEN LLP
3850 VINE STREET, SUITE 240
RIVERSIDE, CALIFORNIA 92507

-20-

DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS, SET
I:\RDR\WP\R0072\028\RESRFA1.wpd

Exhibit 57 Page 280

# EXHIBIT 58

Exhibit 58 , Page 282.

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS NAZARIO, Jr., an )
Individual,                 )
                            )
            Plaintiff,      )
                            )   No. CV10-1731 VAP
        vs.                 )   (DTBx)
                            )
CITY OF RIVERSIDE; and DOES )
1 - 10,                     )
                            )
            Defendants.     )
                            )

DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA

Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA

Exhibit _58_, Page _282_.

SOUND DEPOSITION SERVICES, INC.
(888) 297-6863

023cc349-b4f9-4996-a7fb-bbe37075080e

1      A.    When you say "facilitate," we separated him

2   and --

3      Q.    I'm not talking about the arrest.

4      A.    Right.

5      Q.    Other than the arrest.

6      A.    That -- that's right.  We -- all we did was

7   share, as I said, the information to Nazario that

8   Agent Fox and how to contact him and he would need to

9   do that.

10      Q.    I appreciate that.

11            Officer Nazario's performance while employed

12   by RPD was satisfactory at all times, correct?

13      A.    Yes.  He was progressing, oh, in a

14   satisfactory process throughout his academy field

15   training program and his probationary period in the

16   patrol operations.

17      Q.    When I say "citizen complaints," does that

18   make sense to you?

19      A.    Yes, it does.

20      Q.    Were there ever any citizen complaints

21   against Nazario?

22      A.    I don't believe he had a single citizen

23   complaint filed against him.

24      Q.    So he was not terminated because of any

25   performance issues, correct?

1          A.    Nothing relating to his performance with us

2     as a Riverside police officer.

3          Q.    Who participated in the decision to

4     terminate Officer Nazario?

5          A.    Certainly myself, I believe John De La Rosa

6     and ultimately Russ Leach, who is the decision maker.

7          Q.    NCIS, did they weigh in at all on the

8     decision on whether or not RPD was going to terminate

9     Nazario?

10         A.    Only with respect to my previous comments as

11    to the timing of us giving that notice, that O'Brien

12    had clearly conveyed he did not want us to do that

13    until they were prepared to make the arrest.

14         Q.    All right.  But to be clear, neither

15    Mark Fox nor anyone else at NCIS said, Hey, you got

16    to fire this guy?

17         A.    Oh, no.

18         Q.    Nothing to that effect?

19         A.    No, I don't recall that.  And again, I

20    didn't talk with Nazario -- Fox directly until

21    August 7th, but I don't believe that -- no, I was

22    never told that he had made those requests, so --

23         Q.    Same question with respect to the US

24    Attorney's Office:  Did anyone at the US Attorney's

25    Office ever tell Riverside, You need to fire Nazario?

023cc349-b4f9-4996-a7fb-bbe37075080e

1    STATE OF CALIFORNIA          )
                                  )    ss.
2    COUNTY OF LOS ANGELES        )

3

4            I, CARA JACOBSEN, CSR No. 13053, a court

5    reporter for the County of Los Angeles, State of

6    California, do hereby certify;

7            That prior to being examined, MICHAEL J.

8    BLAKELY, the witness named in the foregoing

9    deposition, was by me duly sworn to testify the

10   truth, the whole truth, and nothing but the truth;

11           That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18           I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21           IN WITNESS WHEREOF, I hereto subscribe my

22   name this 6th day of January, 2011.

23

24   _____

     Certified Shorthand Reporter in and for the

25   County of Los Angeles, State of California

                                                    291

# EXHIBIT 59

Exhibit _59_ , Page _286_ .

1

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE LUIS NAZARIO, JR., an    )
individual,                   )
                Plaintiff,    )
        vs.                   )   No. CV 10-01731 VAP
CITY OF RIVERSIDE, et al.,    )   (DTBx)
            Defendants.       )


            The videotaped deposition of MARK FOX,
called by the Defendant for examination, taken
pursuant to the Federal Rules of Civil Procedure of
the United States District Courts pertaining to the
taking of depositions, taken before JOANNE H.
RICHTER, a Notary Public within and for the County
of Cook, State of Illinois, and a Certified
Shorthand Reporter of said state, No. 84-2082, at
Residence Inn Waukegan, 1440 South White Oak Drive,
Waukegan, Illinois, on the 14th day of October,
A.D. 2010, at 9:30 a.m.



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 951.784.9520

Suite 640
3801 University Avenue
Riverside, CA 92501
www.esquiresolutions.com

Exhibit _____, Page _____.

MARK FOX                                        October 14, 2010

7

1      A.     To conduct felony criminal

2  investigations.

3      Q.     What sort of training did you receive in

4  conjunction with your position as a special agent

5  with NCIS?

6      A.     I received my basic agent training at

7  the federal law enforcement training center at the

8  onset of my employment and throughout the years,

9  I have attended various courses and seminars in

10  service training.

11      Q.     Were you assigned to conduct an

12  investigation into the activities of Jose Nazario

13  in or about 2006 or 2007?

14      A.     Yes, I was.

15      Q.     How did you come to be assigned to

16  conduct such an investigation?

17      A.     On 16 October 2006, I was notified by my

18  supervisor and, subsequently, my headquarters and

19  instructed to initiate an investigation pursuant to

20  an allegation, or, pursuant to an admission a

21  sergeant or former Marine sergeant named Ryan

22  Weemer had made during the course of a Secret

23  Service pre-employment polygraph examination.

24      Q.     What sort of admission?



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 951.784.9520

Suite 640
3801 University Avenue
Riverside, CA 92501
www.esquiresolutions.com

Exhibit 5 4 , Page 288 .

MARK FOX                                                    October 14, 20

1            IN WITNESS WHEREOF, I do hereunto set my

2    hand and affix my seal of office at Chicago,

3    Illinois, this 22nd day of October, 2010.

4

5

6

7            Notary Public, Cook County, Illinois.

8            Commission expires November 12, 2013.

9

10

11   C.S.R. Certificate No. 84-2082.

12

13

14                        OFFICIAL SEAL
                          JOANNE H RICHTER
15          NOTARY PUBLIC · STATE OF ILLINOIS
            MY COMMISSION EXPIRES:11/12/13

16

17

18

19

20

21

22

23

24

ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 951.784.9530

Suite 640
3801 University Avenue
Riverside, CA 92501
www.esquiresolutions.com


Exhibit 57  Page 209

# EXHIBIT 60

Exhibit _60_, Page _290_.

1

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE LUIS NAZARIO, JR., an     )
individual,                    )
                Plaintiff,     )
          vs.                  )   No. CV 10-01731 VAP
CITY OF RIVERSIDE, et al.,     )   (DTBx)
                Defendants.    )


          The videotaped deposition of MARK FOX,
called by the Defendant for examination, taken
pursuant to the Federal Rules of Civil Procedure of
the United States District Courts pertaining to the
taking of depositions, taken before JOANNE H.
RICHTER, a Notary Public within and for the County
of Cook, State of Illinois, and a Certified
Shorthand Reporter of said state, No. 84-2082, at
Residence Inn Waukegan, 1440 South White Oak Drive,
Waukegan, Illinois, on the 14th day of October,
A.D. 2010, at 9:30 a.m.

Exhibit _60_, Page _291_.

80

1    with somebody from my headquarters who asked me

2    what my commitment was and was I still interested

3    in employment.  As of that day, I could Drop on

4    Request, which I did.

5         Q.    And then from that point forward, you

6    have been a member of NCIS?

7         A.    Yes, sir.

8         Q.    I understand from the course and scope

9    of the investigation, you have always been the lead

10   agent in this case, is that correct?

11        A.    Yes, sir.

12        Q.    With the exception of the individuals

13   that you have described during the course of this

14   deposition, Zimmerman, Balle -- I believe her name

15   is?

16        A.    Yes, sir.

17        Q.    (Continuing)-- these were individuals

18   that you utilized, but, certainly, weren't people

19   responsible necessarily for leading the

20   investigation or writing reports?

21        A.    No, sir.

22        Q.    I would venture a guess that most of the

23   reports of investigation that were prepared in this

24   case were authored by yourself?



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 951.784.9520

Suite 640
3801 University Avenue
Riverside, CA 92501
www.esquiresolutions.com

Exhibit ____, Page ____.

MARK FOX                                                    October 14, 2010

1           IN WITNESS WHEREOF, I do hereunto set my

2    hand and affix my seal of office at Chicago,

3    Illinois, this 22nd day of October, 2010.

4

5

6

7           Notary Public, Cook County, Illinois.

8           Commission expires November 12, 2013.

9

10

11    C.S.R. Certificate No. 84-2082.

12

13

14                          OFFICIAL SEAL
                            JOANNE H RICHTER
15              NOTARY PUBLIC - STATE OF ILLINOIS
                MY COMMISSION EXPIRES:11/12/13

16

17

18

19

20

21

22

23

24



**ESQUIRE**
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 951.784.9510

Suite 640
3801 University Avenue
Riverside, CA 92501
www.esquiresolutions.com



# EXHIBIT 61

Exhibit __61__, Page __294__.

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION


JOSE LUIS NAZARIO, Jr., an    )
Individual,                   )
                              )
            Plaintiff,        )
                              )   No. CV10-1731 VAP
       vs.                    )   (DTBx)
                              )
CITY OF RIVERSIDE; and DOES   )
1 - 10,                       )
                              )
            Defendants.       )
                              )



DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA



Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA


Exhibit _6__, Page_295_.

023cc349-b4f9-4996-a7fb-bbe37075080e

1    Nazario at that point?

2        A.    I don't believe so.

3        Q.    You don't believe so?

4        A.    I don't believe so, but I don't know for

5    certain what he may have done.  But I don't believe

6    so.

7        Q.    As of the date of Exhibit 4, April 23, 2007,

8    had Riverside made any decisions concerning Nazario's

9    employment with respect to the allegations out there,

10   the information provided by NCIS?

11       A.    Yes.

12       Q.    And what was that decision?

13       A.    That we would have no change in status; we

14   didn't have the information that would cause us to do

15   any change in status.

16       Q.    And was Riverside trying to acquire

17   information that would put it in the position to make

18   an informed decision whether or not they wanted to

19   change his status?

20       A.    We were interested in knowing what the scope

21   of that investigation was.  So yes, I think that as

22   this proceeded now into April, we -- it was a little

23   more interested as to what the heck is all about.

24       Q.    Sure, but is it your testimony that Mark Fox

25   still wasn't giving you guys the full story?

Exhibit 61, Page 296.

SOUND DEPOSITION SERVICES, INC.
(888) 297-6863

023cc349-b4f9-4996-a7fb-bbe37075080e

1      A.    They wasn't telling us much.

2      Q.    And you testified earlier that this wasn't

3  unusual; that the unusual part was that it was NCIS

4  as opposed to some other law enforcement agency, but

5  that at times other law enforcement agencies would

6  contact RPD concerning an RPD officer, correct?

7      A.    Yes.

8      Q.    And during those other contacts, were those

9  other agencies more forthcoming about the facts of

10  the inquiry?

11      A.    Yes.

12      Q.    So you found that NCIS was much less

13  forthcoming than the other agencies you had dealt

14  with in the past?

15      A.    Not necessarily NCIS, but this guy was.

16      Q.    This guy?

17      A.    Officer Fox offered really no -- no insight

18  into the scope of his investigation.

19      Q.    But it's your testimony that he was asked?

20      A.    Yeah, we asked.  We -- we --

21          THE REPORTER:  I'm sorry?

22          THE WITNESS:  Yes.  Lt. Blevins was, you

23  know, directed as to -- in trying to find out

24  whatever he could from Officer Fox, but you know,

25  the -- the investigator says he's not going to tell

1   you the -- that pretty much was what we dealt with

2   for all these months.

3   BY MR. PREIS:

4      Q.    Why did you ask when Nazario's probation was

5   over?

6      A.    I think that's just -- mine was not -- based

7   on the -- this matter going for four months.  I

8   wanted to -- I knew -- I knew Nazario not from

9   personal meetings, but from reviewing his work when

10  he ended the field training officer program, so I was

11  interested to know how much longer this is going to

12  go and when his probationary period was going to

13  conclude.

14     Q.    And can I ask you just briefly, can you walk

15  me through?

16     A.    Sure.

17     Q.    A basic officer starting employment at

18  Riverside goes to some sort of academy?

19     A.    Can.

20     Q.    Not necessarily?

21     A.    Correct.

22     Q.    Let's go the route of somebody that goes to

23  the academy.  After you get out of the academy,

24  what's your -- what are you called?

25     A.    When -- could maybe I back up a little bit?

1    STATE OF CALIFORNIA          )
                                  )    ss.
2    COUNTY OF LOS ANGELES        )

3

4         I, CARA JACOBSEN, CSR No. 13053, a court

5    reporter for the County of Los Angeles, State of

6    California, do hereby certify;

7         That prior to being examined, MICHAEL J.

8    BLAKELY, the witness named in the foregoing

9    deposition, was by me duly sworn to testify the

10   truth, the whole truth, and nothing but the truth;

11        That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18        I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21        IN WITNESS WHEREOF, I hereto subscribe my

22   name this 6th day of January, 2011.

23

24        _____
          Certified Shorthand Reporter in and for the

25        County of Los Angeles, State of California

                                                    291

# EXHIBIT 62

Exhibit 62, Page 300.

**Blakely, Mike**

From:     De La Rosa, John
Sent:     Tuesday, May 08, 2007 4:06 PM
To:       Blakely, Mike
Subject:  RE: NCIS Investigation re: Iraq Incident

Ok

John DeLaRosa
Assistant Chief of Police
Riverside Police Department
(951) 826-5196
jdelarosa@riversideca.gov

From: Blakely, Mike
Sent: Tuesday, May 08, 2007 3:59 PM
To: De La Rosa, John
Subject: RE: NCIS Investigation re: Iraq Incident

There is one typo in this.  New e-mail coming

We will need to discuss this tomorrow. MJB

From: De La Rosa, John
Sent: Tuesday, May 08, 2007 3:57 PM
To: Blevins, Ed; Blakely, Mike
Subject: RE: NCIS Investigation re: Iraq Incident

An indictment for Nazario?

John DeLaRosa
Assistant Chief of Police
Riverside Police Department
(951) 826-5196
jdelarosa@riversideca.gov

From: Blevins, Ed
Sent: Tuesday, May 08, 2007 3:50 PM
To: Blevins, Ed; Blakely, Mike; De La Rosa, John
Subject: NCIS Investigation re: Iraq Incident

I just received a call from Mark Fox NCIS regarding Nazario. He believes that his investigation will be completed and submitted to a Federal Prosecutor by the end of May, middle of June. If the investigation is accepted he believes an indictment would soon follow (his opinion). He has not interviewed Nazario and will be submitting his investigation without it doing so. He had made tentative arrangements with Nazario for an interview and he now believes that Nazario is intentionally not calling him back and as such will take it as a refusal to be interviewed.

As stated in previous e-mails, Investigator Fox, has found out that Nazario has purchased property in New York and may possibly be applying for L.E. jobs there. Investigator Fox has requested that if we receive resignation paperwork from Officer Nazario that we contact him ASAP. I got an indication that should Nazario attempt to leave the state that the complaint filing/review would be be expedited. Investigator Nazario did not offer any factual information he had obtained regarding the incident itself ie: other witness statements etc. Investigator Fox said he would keep me advised regarding any changes or future actions.

---

**Officer defends action that killed 24 Iraqis**

*TIMES 5-9-07.*

*From the Associated Press*

CAMP PENDLETON, CALIF. — A Marine platoon commander who ordered that several houses be cleared in an Iraqi town testified Tuesday that he was shocked to learn women and children were among 24 Iraqi civilians killed in the attacks.

But 1st Lt. William Kallop defended the assaults as a legitimate combat operation during the first day of testimony in the biggest U.S. criminal case involving civilian deaths in the Iraq war.

Kallop was the first officer at the scene of a roadside bomb blast that killed one Marine and injured two on Nov. 19, 2005.

Arriving minutes after the blast in Haditha, he ordered several houses be cleared. In all, Marines killed 24 Iraqi civilians.

Kallop, who was granted immunity for his testimony, spoke at a preliminary hearing at Camp Pendleton for Capt. Randy W. Stone, a Marine lawyer accused of dereliction of duty for failing to investigate the deaths.

Stone's civilian attorney, Charles Gittins, called Kallop to the stand hoping that the commander's testimony would show that Stone did nothing wrong because, based on his understanding of the deaths, Stone thought that the killings were a legitimate outcome of combat.

Stone, 34, of Dunkirk, Md., and three other officers are charged with failing to investigate or report the killing.

5/8/2007                    City0014783



PIf. #5 'd

Exhibit 62; Page 30/

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS NAZARIO, Jr., an     )
Individual,                    )
                               )
            Plaintiff,         )
                               )  No. CV10-1731 VAP
        vs.                    )  (DTBx)
                               )
CITY OF RIVERSIDE; and DOES    )
1 - 10,                        )
                               )
            Defendants.        )
                               )

DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA

Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA

Exhibit 62, Page 302.

Page 54

1    Q.   Your inquiry on April 23, 2007, concerning

2  Nazario's probation, is that something you did on

3  your own or were you directed to do that?

4    A.   I did that on my own.  It's not a -- it's

5  more my practice of doing that.

6    Q.   Did you forward Exhibit 4 to anyone that you

7  know of?

8    A.   I don't know.

9    Q.   And as of the date of Exhibit 4, which was

10  April 23, 2007, what was Riverside's understanding of

11  the allegations against Nazario?

12    A.   Really no different than I previously

13  stated.

14    Q.   All right.  I'm going to hand you a document

15  that's been previously identified as Plaintiff's

16  Exhibit 5 and ask you to read it and let me know when

17  you're done.

18          (Plaintiff's Exhibit 5 was

19          previously marked by the court

20          reporter for identification and

21          a copy is attached hereto.)

22          (Pause in the proceedings.)

23          THE WITNESS:  Yes.

24  BY MR. PREIS:

25    Q.   Do you recognize Exhibit 5?

1    STATE OF CALIFORNIA        )

                                )    ss.

2    COUNTY OF LOS ANGELES      )

3

4         I, CARA JACOBSEN, CSR No. 13053, a court

5    reporter for the County of Los Angeles, State of

6    California, do hereby certify;

7         That prior to being examined, MICHAEL J.

8    BLAKELY, the witness named in the foregoing

9    deposition, was by me duly sworn to testify the

10   truth, the whole truth, and nothing but the truth;

11        That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18        I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21        IN WITNESS WHEREOF, I hereto subscribe my

22   name this 6th day of January, 2011.

23

24        _____

          Certified Shorthand Reporter in and for the

25        County of Los Angeles, State of California

                                                        291

# EXHIBIT 63

Exhibit _63_, Page _305_.

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS NAZARIO, Jr., an )
Individual,                )
                           )
            Plaintiff,     )
                           )   No. CV10-1731 VAP
         vs.               )   (DTBx)
                           )
CITY OF RIVERSIDE; and DOES )
1 - 10,                    )
                           )
            Defendants.    )
                           )

DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA

Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA

Exhibit 63, Page 306.

Page 66

1     Q.   Did RPD have any concerns about public

2   safety based on the NCIS information up to the date

3   of Exhibit 6, May 21, 2007?

4     A.   Yes, I think there are concerns based on an

5   investigator telling us that it's his opinion there

6   would be some indictments, but without more

7   specificity, but the concern, it would -- did not

8   rise to the level that caused us to be able to take

9   some action, because we didn't have any factual

10  underpinnings to those opinions.

11    Q.   And just to be clear for the record, as of

12  the date of Exhibit 6, May 21, '07, and prior, that

13  time frame, did RPD have an understanding that NCIS

14  was alleging or was investigating whether or not

15  Nazario had killed people in Fallujah, did you have

16  that understanding up to that point?

17    A.   No.

18    Q.   Okay, but you did understand that whatever

19  the allegations were, they concerned Iraq?

20    A.   Yes.

21    Q.   All right.  And again, RPD did not place

22  Nazario on any type of admin leave as of May 21,

23  2007, correct?

24    A.   No, we did not.

25    Q.   Was that even an option?

1    STATE OF CALIFORNIA        )

                               )   ss.

2    COUNTY OF LOS ANGELES      )

3

4          I, CARA JACOBSEN, CSR No. 13053, a court

5    reporter for the County of Los Angeles, State of

6    California, do hereby certify;

7          That prior to being examined, MICHAEL J.

8    BLAKELY, the witness named in the foregoing

9    deposition, was by me duly sworn to testify the

10   truth, the whole truth, and nothing but the truth;

11         That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18         I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21         IN WITNESS WHEREOF, I hereto subscribe my

22   name this 6th day of January, 2011.

23

24

        Certified Shorthand Reporter in and for the

25      County of Los Angeles, State of California

                                                    291

# EXHIBIT 64

Exhibit _64_, Page _309_.

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS NAZARIO, Jr., an    )
Individual,                   )
                              )
            Plaintiff,        )
                              )   No. CV10-1731 VAP
        vs.                   )   (DTBx)
                              )
CITY OF RIVERSIDE; and DOES   )
1 - 10,                       )
                              )
            Defendants.       )
                              )

DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA

Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA

Exhibit 64, Page 310.

1    done, please.

2              (Plaintiff's Exhibit 7 was

3              previously marked by the court

4              reporter for identification and

5              a copy is attached hereto.)

6              THE WITNESS:  I've read it.

7    BY MR. PREIS:

8         Q.    Do you recognize Exhibit 7?

9         A.    Yes, I do.

10        Q.    Exhibit 7 is e-mail from Ed Blevins to you

11   dated July 5, 2007, at 12:51 p.m., and it contains

12   handwritten notes below the e-mail, correct?

13        A.    Yes.

14        Q.    Do you recognize that handwriting?

15        A.    Yes, I do.

16        Q.    Whose is it?

17        A.    Mine.

18        Q.    Is Exhibit 7 a true and correct copy of the

19   document that you just described?

20        A.    Yes.

21        Q.    Who provided you with the information that's

22   contained within your handwritten notes on Exhibit 7?

23        A.    I obtained them from a review of Officer

24   Nazario's background investigative file.

25        Q.    This would be an RPD file?

1          A.    Correct.

2          Q.    And why were you taking notes about

3    Nazario's military service?

4          A.    They were my notes which I was looking for

5    any indication in the background file that might give

6    some insight as to what may be the underpinnings for

7    the investigation that was done by Fox, and I also

8    looked to see if there was anything that stood out.

9               I had not previously reviewed his background

10   file because he had gone through that process before

11   my arrival in the -- in that assignment overseeing

12   that, so I was interested for anything I could glean

13   from this.  As you saw from the previous e-mails, I

14   was reading newspaper articles of other matters that

15   were being published.  I was trying to, you know,

16   speculate as to what -- what is this about, and is

17   there any indication in the background investigation

18   that Nazario may have offered to us that would be an

19   indication of what took place.

20         Q.    So that note that's labelled number one

21   right below the name Nazario, it says, "33 in platoon

22   killed," do you see that?

23         A.    Yes, I do.

24         Q.    Where did you get that information?

25         A.    It was a response that Nazario gave to the

Exhibit 64 , Page 312.

023cc349-b4f9-4996-a7fb-bbe37075080o

1     STATE OF CALIFORNIA          )

                                   )    ss.

2     COUNTY OF LOS ANGELES        )

3

4          I, CARA JACOBSEN, CSR No. 13053, a court

5     reporter for the County of Los Angeles, State of

6     California, do hereby certify;

7          That prior to being examined, MICHAEL J.

8     BLAKELY, the witness named in the foregoing

9     deposition, was by me duly sworn to testify the

10    truth, the whole truth, and nothing but the truth;

11         That said deposition was taken before me at

12    the time and place herein set forth, and was taken by

13    me in shorthand and thereafter transcribed into

14    typewriting under my direction and supervision, and I

15    hereby certify that the said deposition is a full,

16    true and correct transcript of my shorthand notes so

17    taken;

18         I further certify that I am neither counsel

19    for nor related to any party to said action, nor in

20    any way interested in the outcome thereof.

21         IN WITNESS WHEREOF, I hereto subscribe my

22    name this 6th day of January, 2011.

23

24         _____

           Certified Shorthand Reporter in and for the

25         County of Los Angeles, State of California

                                                    291

# EXHIBIT 65

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS NAZARIO, Jr., an )
Individual,                 )
                            )
            Plaintiff,      )
                            )   No. CV10-1731 VAP
        vs.                 )   (DTBx)
                            )
CITY OF RIVERSIDE; and DOES )
1 - 10,                     )
                            )
            Defendants.     )
                            )


DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA


Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA


Exhibit _65_, Page_315_.

Page 124

1  information that the chief had, that that was the

2  right decision.

3      Q.    So once there was the information that was

4  conveyed on July -- 19th?

5          MR. ROTH:   July 19th.

6  BY MR. PREIS:

7      Q.    -- July 19, 2007, based on that information,

8  after that information came out about Nazario

9  allegedly killing two Iraqis and being involved in

10  killing perhaps two others, once that information was

11  presented to RPD by O'Brien, did anyone on RPD's

12  side -- specifically meaning you, De La Rosa, or

13  Leach -- express any reservations about terminating

14  Nazario or was it unanimous?

15      A.    I believe we were all in agreement.

16      Q.    And when did that discussion take place; did

17  that take place on July 19th?

18      A.    Yes.

19      Q.    Was there any discussion about Nazario's

20  rights as a veteran?

21      A.    I don't recall we discussed that issue.

22      Q.    Up until that time, had you ever heard the

23  term "USERRA"?

24      A.    No, I had not.

25      Q.    Do you know what that means as you sit here

1   today?

2      A.   I have some knowledge, but I'm not -- I'm

3   not -- no.

4      Q.   So then I'll ask you this way to make sure

5   we're clear on the record.  Up to that point, July

6   19, 2007, up to the point -- and "the point" being

7   just after the decision was made to terminate

8   Nazario -- was there any discussion between

9   De La Rosa, Leach, and yourself about the Uniformed

10  Services Employment and Reemployment Rights Act?

11     A.   I don't believe we had a discussion about

12  that at that time, no.

13     Q.   Other than the information about the

14  allegations that Nazario allegedly killed two people

15  in Iraq, other than that fact, were any other factors

16  considered in the decision to terminate Nazario?

17        MR. ROTH:  Do you mean besides what he's

18  previously to, Counsel, regarding the meeting on

19  July 19th?

20  BY MR. PREIS:

21     Q.   Let me ask you this way:  What factors were

22  considered when Russ Leach made the decision to

23  terminate Nazario?

24     A.   The statements that O'Brien gave us in the

25  meeting on the 19th of July where he told us he had

023cc349-b4f9-4996-a7fb-bbe37075080e

1    STATE OF CALIFORNIA     )

                             )   ss.

2    COUNTY OF LOS ANGELES   )

3

4          I, CARA JACOBSEN, CSR No. 13053, a court

5    reporter for the County of Los Angeles, State of

6    California, do hereby certify;

7          That prior to being examined, MICHAEL J.

8    BLAKELY, the witness named in the foregoing

9    deposition, was by me duly sworn to testify the

10   truth, the whole truth, and nothing but the truth;

11         That said deposition was taken before me at

12   the time and place herein set forth, and was taken by

13   me in shorthand and thereafter transcribed into

14   typewriting under my direction and supervision, and I

15   hereby certify that the said deposition is a full,

16   true and correct transcript of my shorthand notes so

17   taken;

18         I further certify that I am neither counsel

19   for nor related to any party to said action, nor in

20   any way interested in the outcome thereof.

21         IN WITNESS WHEREOF, I hereto subscribe my

22   name this 6th day of January, 2011.

23

24

        Certified Shorthand Reporter in and for the

25   County of Los Angeles, State of California

SOUND DEPOSITION SERVICES, INC.
(888) 297-6863

Exhibit 65, Page 318.

# EXHIBIT 66

Exhibit 66, Page 319.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE LUIS NAZARIO, Jr., an )
Individual, )
                             )
            Plaintiff,       )
                             )   No. CV10-1731 VAP
        vs.                  )   (DTBx)
                             )
CITY OF RIVERSIDE; and DOES  )
1 - 10,                      )
                             )
            Defendants.      )
                             )

DEPOSITION OF MICHAEL J. BLAKELY

WEDNESDAY, DECEMBER 22, 2010

RIVERSIDE, CALIFORNIA

Reported by:

CARA JACOBSEN

CSR No. 13053

File No. 101222CJA

Exhibit 66, Page 320.

SOUND DEPOSITION SERVICES, INC.
(888) 297-6863

023cc349-b4f9-4996-a7fb-bbe37075080e

1      A.   My immediate recall is not that he was

2   asking questions, he was listening to my explanation

3   as to what was happening and what the process would

4   be.  And then the other part was to tell me that

5   this -- that he didn't do anything wrong, and that he

6   would be able to prove that.

7      Q.   And did you respond to that?

8      A.   I wished him well.

9      Q.   Did you ever say words to the effect of, If

10  you're acquitted, you'll get your job back?

11     A.   No.  I said something, but not that.

12     Q.   And what did you say?

13     A.   I told him that if this is a mistake and he

14  gets totally exonerated from this whole matter, then

15  he can come back and reapply and we'd welcome him

16  back.

17     Q.   And do you recall when you said that?

18     A.   While we were in that room, the sergeant's

19  room doing this process.  And in fact, that would

20  have been even before they had actually signed the

21  paperwork.

22     Q.   Do you recall who else was present when you

23  said that?

24     A.   The people we just discussed as the people

25  in the room.  But again, I -- whether they had

Exhibit 66, Page 321

023cc349-b4f9-4996-a7fb-bbe37075080o

1   STATE OF CALIFORNIA        )

                              )   ss.

2   COUNTY OF LOS ANGELES      )

3

4          I, CARA JACOBSEN, CSR No. 13053, a court

5   reporter for the County of Los Angeles, State of

6   California, do hereby certify;

7          That prior to being examined, MICHAEL J.

8   BLAKELY, the witness named in the foregoing

9   deposition, was by me duly sworn to testify the

10  truth, the whole truth, and nothing but the truth;

11         That said deposition was taken before me at

12  the time and place herein set forth, and was taken by

13  me in shorthand and thereafter transcribed into

14  typewriting under my direction and supervision, and I

15  hereby certify that the said deposition is a full,

16  true and correct transcript of my shorthand notes so

17  taken;

18         I further certify that I am neither counsel

19  for nor related to any party to said action, nor in

20  any way interested in the outcome thereof.

21         IN WITNESS WHEREOF, I hereto subscribe my

22  name this 6th day of January, 2011.

23

24         _____

           Certified Shorthand Reporter in and for the

25         County of Los Angeles, State of California

                                                    291

Exhibit _66_, Page _332_