Joseph M. Preis, Esq. (State Bar No. 212998)
jpreis@gaplegal.com
Kevin Barry McDermott, Esq. (State Bar No. 109182)
kmcdermott@gaplegal.com
Robert F. Muth, Esq. (State Bar No. 268268)
rmuth@gaplegal.com
Godes & Preis, LLP
8001 Irvine Center Drive, Suite 1420
Irvine, California 92618
Telephone: (949) 468-0051
Facsimile: (949) 872-2281

Attorneys for Plaintiff
Jose Luis Nazario, Jr.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS NAZARIO, Jr., an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RIVERSIDE; and DOES 1-10,<br><br>Defendants. | Case No. CV10-1731 VAP (DTBx)<br><br>**PLAINTIFF NAZARIO'S UNOPPOSED *EX PARTE* APPLICATION FOR RELIEF FROM UNTIMELY FILING OF EXHIBITS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT CITY OF RIVERSIDE'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JOSEPH M. PREIS; [PROPOSED] ORDER.**<br><br>*Honorable Virginia A. Phillips* |

Plaintiff Jose Luis Nazario, Jr., ("Nazario") hereby applies *ex parte* for relief from the untimely e-filing of exhibits in support of his Opposition to Defendant City of Riverside's ("Riverside's") Motion for Summary Judgment which, due to technical difficulties, were e-filed between 4:00 p.m. and 5:00 p.m. on February 28, 2011, the

1 date that they were due. Although Nazario timely e-filed his (1) Memorandum in Opposition; (2) Statement of Genuine Issue in Dispute; (3) Declaration of Jose Luis Nazario, Jr.; (4) Declaration of Joseph M. Preis; and (5) Proposed Order before 4:00 p.m., per the Court's Standing Order, his supporting exhibits were filed between 4:00 p.m. and 5:00 p.m., due to technical difficulties which required the exhibits to be broken up into nine separate attachments before they could be e-filed.

Nazario's Counsel immediately contacted Riverside's Counsel, explained the situation and inquired as to whether Riverside would be claiming prejudice as a result of the less than one-hour delay. Counsel for Riverside confirmed that it would not be claiming prejudice and that it agrees with the relief requested herein.

Both parties filed dispositive motions scheduled to be heard on March 21, 2011. Nazario brings the instant application on an *ex parte* basis because there is insufficient time to have this matter heard on regular notice in advance of March 21, 2011, and Nazario will be irreparably harmed if his exhibits are not considered by this Court in connection with Riverside's Motion.

The basis for this request is:

1. Nazario timely e-filed his opposing papers, with the exception of his exhibits in support thereof, before 4:00 p.m. on the date due, pursuant to the Court's Standing Order.

2. Nazario attempted numerous times to e-file his supporting exhibits before 4:00 p.m., but subsequently discovered that they were erroneously scanned on a higher dpi setting, which made the file too large to be downloaded on the cm/efc website. As a result, Nazario was required to divide the file into nine separate attachments, and e-filed all nine attachments between 4:00 p.m. and 5:00 p.m. on the same date that they were due.

3. Nazario's counsel immediately contacted Riverside's counsel shortly after 5:00 p.m. on the date due, explained the untimely filing of the exhibits, and inquired as to whether or not Riverside would be claiming prejudice as a result. Riverside's

counsel represented that Riverside will not claim prejudice and considers Nazario's exhibits timely filed on the date required.

Accordingly, Nazario respectfully requests:

That he be relieved from the untimely filing of his exhibits in support of his Opposition to Riverside's Motion and that those exhibits will be considered by the Court in the disposition of the same.

### DEFENDANT'S POSITION

In addition to counsels' communication on February 28, 2011 described in No. 3 above, on Wednesday, March 2, 2011, Nazario's counsel advised of his intent to move ex-parte for the relief requested herein. In response, Riverside's counsel advised that Riverside will not raise any issue with regard to the late filed exhibits and that as far as it is concerned, the exhibits were timely filed on the date required, and that it agrees with the relief requested by way of the instant *ex parte* application.

DATED: March 4, 2011      **GODES & PREIS, LLP**

/s/Joseph M. Preis
Joseph M. Preis
Kevin B. McDermott
Robert F. Muth
Attorneys for Plaintiff

# DECLARTION OF JOSEPH M. PREIS

I, Joseph M. Preis declare as follows:

1. I am a partner with the law firm of Godes & Preis, LLP, attorneys of record for Plaintiff Jose Nazario. I am principally responsible for the handling of this matter on Mr. Nazario's behalf.

2. Both parties to this action have filed dispositive motions to be heard on March 21, 2011. The corresponding oppositions were due on February 28, 2011 ("Date Due"). I e-filed Mr. Nazario's (1) Memorandum in Opposition; (2) Statement of Genuine Issue in Dispute; (3) Declaration of Jose Luis Nazario, Jr.; (4) Declaration of Joseph M. Preis; and (5) Proposed Order before 4:00 p.m. on the date due, in accordance with the Court's Standing Order. Although I attempted numerous times to e-file his supporting exhibits before 4:00 p.m., I subsequently discovered that the exhibits were erroneously scanned on a higher dpi setting, which made the file too large to be downloaded on the cm/efc website. As a result, I caused the file to be divided into nine separate attachments and e-filed all nine attachments between 4:00 p.m. and 5:00 p.m. on that same day.

3. At approximately 5:40 p.m., I sent an email to Riverside's lead counsel, Richard Roth, and explained the untimely filing of Nazario's exhibits. I also inquired as whether Riverside will claim prejudice as a result, to which Mr. Roth immediately replied "no problem."

4. On March 2, 2011, I contacted Mr. Roth again and informed him that I intended to file the instant application, to which he responded: "You may indicate that [Riverside is] not raising any issue with regard to the filing. As far as I am concerned [Nazario's] exhibits were timely filed on the date required. . . . I will either give you a statement to file with it, or join you in the ex-parte agreeing to the relief requested – i.e., to deem the exhibits timely filed."

5. I am bringing the instant application on an *ex parte* basis on Nazario's behalf because there is insufficient time to have this matter heard on regular notice in

1  advance of March 21, 2011, and Nazario will be irreparably harmed if his exhibits are
2  not considered by this Court in connection with Riverside's Motion.

3        6.      Although Riverside already agreed that it would not oppose this *ex parte*
4  application, I have also complied with Local Rule 7-19 and with this Court's Standing
5  Order regarding *ex parte* applications. Specifically, I caused Riverside to be served by
6  facsimile prior to e-filing the instant application and notified Riverside that should it
7  change its mind and wish to oppose the ex-parte application, it must do so within 24
8  hours.

9        7.      Pursuant to Local Rule 7-19, Plaintiff understands that Mr. Richard Roth is
10 Defendant's lead, and his contact information, as well as the contact information for his
11 co-counsel, are as follows:

Richard D. Roth, Esq.
**ROTH CARNEY KNUDSEN, LLP**
1650 Spruce Street, Suite 104
Riverside, CA 92507
Tel: (951) 682-6500
Fax: (951) 682-6591
rroth@rothcarney.com

Timothy T. Coates
**GREINES, MARTIN, STEIN & RICHLAND LLP**
5900 Wilshire Blvd., 12th Floor
Los Angeles, CA 90036-3626
Tel: (310) 859-7811
Fax: (310) 276-5261
tcoates@gmsr.com

James E. Brown
Supervising Deputy City Attorney
City of Riverside
3900 Main Street
Riverside, CA 92522
Tel: (951) 826-5691
Fax: (951) 826-5540
jbrown@riversideca.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2011.

                                                          /s/ Joseph M. Preis
                                                          Joseph M. Preis